Filed 7/15/13  P. v. Gross CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B244209 |
| Plaintiff and Respondent, | |
| | (Los Angeles County |
| v. | Super. Ct. No.  KA098236) |
| PHILLIP MICHAEL GROSS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed.

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

By two-count information dated July 9, 2012, appellant Phillip Michael Gross was charged with second degree commercial burglary (Pen. Code, § 459) and receipt of stolen property, including a laptop (Pen. Code, § 496, subd. (a)).[1] The information further alleged that appellant had suffered a prior strike conviction within the meaning of sections 667, subdivisions (b) to (i) and 1170.12, subdivisions (a) to (d) -- first degree burglary (§ 459) in January 2003.

At trial, the prosecution presented evidence establishing that on the night of June 9 to 10, 2012, an enterprise located in a small commercial structure was burglarized. Among the items missing was a laptop computer. Earlier in the day, appellant, claiming mechanical trouble, had received permission to leave his car in the structure's parking lot. On the morning of June 10, appellant was seen at a neighboring motel using a laptop computer. He asked the motel clerk to hold it for him at the front desk. The laptop was retrieved by officers and identified by one of the victims as hers.

The jury found appellant guilty of receipt of stolen property, but was unable to reach a verdict on the burglary count, which was subsequently dismissed. Appellant's motion to strike the prior strike was denied. The court imposed a sentence of four years, consisting of the midterm of two years doubled. The court also imposed: a restitution fine of $480 pursuant to section 1202.4, subdivision (b); a parole restitution fine in the amount of $480 pursuant to section 1202.45, which was stayed; a court operations assessment fee in the amount of $40 pursuant to section 1465.8, subdivision (a)(1); and a criminal conviction assessment fee in the amount of $30 pursuant to Government Code section 70373. Appellant filed a timely notice of appeal.

---

[1]     Undesignated statutory references are to the Penal Code.

After examination of the record, appointed appellate counsel filed a brief raising no issues, but asking this court to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.) On February 13, 2013, we advised appellant he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider. No response was received.

This court has examined the entire record in accordance with *People v. Wende*, *supra*, 25 Cal.3d at pages 441 to 442, and is satisfied appellant's attorney has fully complied with the responsibilities of counsel, and no arguable issues exist. Accordingly, we affirm the judgment of conviction.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

EPSTEIN, P. J.

SUZUKAWA, J.

3